**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**


DORETHA G. STEEPLES,

      Plaintiff,

vs.                                        CASE NO. 3:05-cv-195-J-25HTS

FSS ALUTIIQ, etc., and
WAYNE CANNON, etc.,

      Defendants.
_____

**<u>O R D E R</u>**

This cause is before the Court on the following matters:

1.   Defendant's Motion to Strike Portions of Plaintiff's Amended Second Amended Complaint (Doc. #54; Motion), filed on May 11, 2006.  Plaintiff's Response to Defendant's Motion to Strike Portions of Plaintiff's Amended Second Amended Complaint (Doc. #56; Response) was filed on June 7, 2006.  On September 20, 2006, the Motion was referred to the undersigned.  Order (Doc. #66).

In the Motion, Defendant FSS ALUTIIQ asks that the Court "strike the individual Defendant, Wayne Can[n]on, and Plaintiff's claims for defamation, tor[ti]ous interference with a business relationship, vicarious liability for the tortious acts of Wayne Can[n]on, and the claims under the Florida Civil Rights Act and the

Florida Whistleblower Act."   Motion at 6.   It argues that "[t]he addition of a new party and five additional claims are plainly outside the scope of what Plaintiff requested in her Motion to Amend and what the Court anticipated when it granted Plaintiff's Motion to Amend."   *Id.* at 3.

The Amended Motion for Leave to File Second Amended Complaint (Doc. #35; Motion for Leave), filed on March 15, 2006, sought only "to properly allege all claims that the parties have been on notice of since the day the Plaintiff filed a charge of discrimination with the" Equal Employment Opportunity Commission (EEOC).   Motion for Leave at 2.   Thus, the Motion for Leave is most reasonably read as having requested permission to state correctly and completely those claims initially raised in the charge of discrimination filed with the EEOC.   Attempting to impose a broader construction would risk not only unfairness to the Defendant but alteration of the Order (Doc. #50), entered on April 19, 2006, granting the Motion for Leave.

The charge filed with the EEOC was attached to the original Complaint (Doc. #2; First Complaint), filed on March 3, 2005. Therein, Ms. Steeples alleged she was "sexually harassed and retaliated against via termination" due to her gender.   First Complaint at 2 (capitalization omitted).   The facts underlying the charge are described as "comments about [Ms. Steeples's] body parts

in the work place" made by her supervisor, Wayne Cannon. *Id.* (capitalization omitted). Additionally, she asserted that "after [she] complained to management . . . nothing was done and [she] was retaliated against via termination." *Id.* (capitalization omitted).

The initial charge can fairly be viewed as having put Defendant FSS ALUTIIQ on notice of Mr. Cannon's alleged culpability in connection with the harassment. Defendant also had reason to consider any vicarious liability that would flow from Mr. Cannon's described actions, and whether the events complained of were simultaneously actionable under Florida statutes addressing retaliation. However, the charge may not have alerted FSS ALUTIIQ of the potential for claims of tortious interference with business relations, *cf.* Amended Second Amended Complaint (Doc. #52; Second Amended Complaint), filed on April 27, 2006, at 8-9, or defamation. *Cf. id.* at 9-10.

Nevertheless, the First Complaint alleged "slander [and] defamation of character[,]" asserting that Mr. Cannon "fil[ed] a false complaint against [Plaintiff] while [she was] working on board the USS Kennedy[.]" First Complaint at 1 (capitalization omitted). Further, the Amended Complaint (Doc. #12; Amended Complaint), filed on June 17, 2005, repeated the claim of slander, Amended Complaint at 3, and provided factual elaboration pertaining to the alleged interference with Ms. Steeples's relationship with

- 3 -

the USS Kennedy.  *See id.* at 2.  The only portions of the Second Amended Complaint at issue that were neither foreshadowed by the EEOC charge nor alluded to in prior complaints filed in this litigation involve "the USS Phillipine and the USS Halyburton[.]" Second Amended Complaint at 8; *see also id.* at 5.

Accordingly, the Motion (Doc. #54) is **GRANTED** to the extent paragraphs 22 and 23 of the Amended Second Amended Complaint (Doc. #52), and the phrase "the USS Phillipine and the USS Halyburton" appearing in paragraph 39 thereof, are **STRICKEN**.  Otherwise, the Motion is **DENIED**.

2.  The Motion for Continuance (Doc. #65; Motion for Continuance), filed on September 1, 2006.  No response has been filed in opposition thereto pursuant to Rule 3.01(b), Local Rules, United States District Court, Middle District of Florida, and the time for doing so has passed.

On September 20, 2006, that portion of the Motion for Continuance "pertain[ing] to Plaintiff's request to continue the case for sixty (60) days to hire counsel" was granted to the extent the case is being "moved to the January 2, 2007 trial term" and a pre-trial conference has been "set for November 17, 2006[.]"  Order (Doc. #66) (emphasis omitted).  Ms. Steeples's request to "[c]ontinu[e] the case for an additional 90 days for the completion of discovery[,]" Motion for Continuance at 2, was not addressed.

- 4 -

The desired relief does not appear compatible with the new dates established. The dispositive motion deadline is long passed, *see* Order (Doc. #50) at 3, and has not been extended. Moreover, the pre-trial conference is fast approaching and the new discovery period sought would extend far beyond that event, and, at this point, intrude upon the trial itself. Consequently, the Motion for Continuance (Doc. #65) is **DENIED** without prejudice to a further motion should the schedule of this case again change. Of course, while she must remain mindful of the dates now set, nothing herein should dissuade Plaintiff from retaining counsel, if such is her intent.

**DONE AND ORDERED** at Jacksonville, Florida this 13th day of October, 2006.

/s/          Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of record
  and pro se parties, if any